Nov. Term,
1845.

M'DONALD
v.
HAGINS.

M'DONALD v. HAGINS.

Each county in the state has a right to send two students to the *Indiana* University to be instructed, free of tuition fees, in the law department as well as in the other departments of the institution.

ERROR to the *Monroe* Circuit Court.

Tuesday,
December 2.

BLACKFORD, J.—Assumpsit brought by the plaintiff in error for money paid, &c. Plea, the general issue. The cause was submitted to the Court; judgment rendered for the defendant; and a new trial refused.

The following are the facts as shown by the record: The plaintiff was professor of law in the *Indiana* University from *June*, 1842, till the time of the trial, and taught in the law department of said University during the sessions ending *February* the 28th, 1844, and *February* the 28th, 1845. At both those sessions the defendant was a pupil. The terms of tuition in said department, as fixed by the board of trustees, have always been fifteen dollars per session, payable in advance to the treasurer of the University. Every professor, by an order of the board, who receives into his department any student who has not paid the tuition in advance, is liable to pay the same himself. The defendant did not pay the tuition fee for either of said sessions, but did, before entering as a student at each of those sessions, present to those to whom it was proper to present it, a copy of the record of the board of commissioners of the county of *Jennings*, in this state, duly authenticated. This copy of said record showed that the board of commissioners had, at its *September* term, 1843, authorized and appointed the defendant to be a student from the county of *Jennings*, in said University, during said law sessions, and was in all respects sufficient to authorize the defendant to be a pupil, during said sessions, free of charge in all the departments of the University except the law department, and in that department also, if the statute authorizing the county boards in this state to appoint two students to enter the University free of tuition fees, applies to the law department. The defendant not having paid the tuition fees, the plaintiff paid them to the treasurer.

According to the laws of the state, each county has a right

Nov. Term,
1845.

to send two students to the *Indiana* University free of all charges for tuition; and the principal question presented by this case is, whether the right extends to the law department of the institution as well as to the other departments. We can see no reason why it does not. The law branch of the University is as much a part of it as any of the others; and a student of the law class, like a student of any of the other classes, is a student of the University.

It appears by an agreement of the counsel, that the session of the law department is not so long as that of the others; and that the board of trustees has passed no order giving to students the privilege of entering the law department-free of tuition fees. These circumstances can make no difference. The shortness of the session of the law class only shows, that the privilege in question is enjoyed in that class for a less time than in the other classes. No special order of the board of trustees could be necessary for admission into the law department, nor into any of the others. If any order was requisite, a general one respecting the admission of the privileged students into the University could only be required. It is to be presumed, the contrary not being shown, that such an order had been made.

*Per Curiam.*—The judgment is affirmed with costs.

*C. P. Hester*, for the plaintiff.

*J. S. Watts*, for the defendant.